# CHAPTER 13 NARRATIVE STATEMENT OF PLAN

RE: CURRY & KIMBERLY BRANHAM                                          CASE NO:

**PAYMENT TO THE TRUSTEE**: Shall be made from the debtor's employer as set forth below:

THE DEBTOR PROPOSES TO PAY $1,825.00*PER MONTH TO THE TRUSTEE.

   Name of Employer    DEBTORS TO PAY TRUSTEE DIRECT

( ) Weekly; ( ) Bi-Weekly; ( ) Semi-Mo: (XX) Monthly

**THE FIRST PAYMENT WILL BE MADE TO THE TRUSTEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THE PETITION.**

**PLAN LENGTH:**

The debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors during the applicable commitment period (unless unsecured are being paid 100%). The plan length shall not exceed 60 months.

The debtor's plan length is 60 months.

**I.    ADMINISTRATIVE COSTS:**

   **1**) TRUSTEE'S FEES AND EXPENSES. **2**) ATTORNEY FEE is to be paid $1500 from
   funds paid in by the debtor, after administrative costs have been paid, and the remaining
   fee at the rate of 25% of the total disbursed to creditors each month thereafter until paid
   in full.** $3,490 **All attorney fees must be approved by separate application.**
(ATTORNEY FEE paid by debtor prior to filing: $10.00)

**II.    CHILD SUPPORT:**

**REGULAR PAYMENT**: Check the appropriate box.
(XX) The Debtor has no child support obligations.

(  ) The regular monthly support payment shall be paid by the debtor directly.

(  ) The regular monthly support payment of _____$ shall be paid through the plan.

1

### III.  LONG TERM DEBTS:

The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. 1322(b)(5). Upon completion of the plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement. Pursuant to § 1322 and § 524(i), the following provisions apply:

*Post-petition Mortgage Payments:* Payments received by holders and/or servicers of mortgage claims for ongoing post-petition installment payments shall be applied and credited to the debtors' mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

*Pre-petition Arrearages:* Payments disbursed by the trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof-of-claim and authorized by the note and security agreement and applicable nonbankruptcy law. Pre-petition mortgage arrearages claim shall not accrue interest, penalties, late fees or other additional charges.

### IV.  SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Secured creditors who will retain their liens and be paid the value of their collateral or the amount of their debt, **whichever is less**, shall be paid as follows:

\*If this space is left blank, no interest is to be paid.
\*\* Over Secured Creditors only and must specify contract rate.
\*\*\*Creditors lien shall be released upon payment in full of allowed secured claim.
\*\*\*\*Until the initial kicker fee has been paid, at which time creditor shall receive the regular monthly payment.

**ANY AMOUNT CLAIMED BY THE CREDITOR THAT EXCEEDS THE VALUE OF THE COLLATERAL WILL BE TREATED AS A <u>NONPRIORITY UNSECURED CLAIM.</u>**

### V.  PMSI Secured Claims to which §506 Valuation is Not Applicable :

| CREDITOR | DEBT | VALUE | INT. RATE* | MO. PYMT | PRE- AND POST- CONFIRMATION ADEQUATE PROTECTION MO PMT*** |
|---|---|---|---|---|---|

2

| | | | | | | |
|---|---|---|---|---|---|---|
| **1) | Ally Financial | $41,208.00 | $32,025.00 | 6% | $796.67 | $412.08 |
| **2) | Chrysler Capital | $24,882.00 | $28,950.00 | 6% | $481.04 | $248.82 |
| **3) | Simmons 1st National Bank | $8,974.00 | $5,000 | 6% | $173.49 | $87.74 |

**\*If this space is left blank, no interest is to be paid.**
**\*\*Creditors lien shall be released upon payment in full of allowed secured claim.**
**\*\*\*Until the initial kicker fee has been paid, at which time creditor shall receive the regular monthly payment.**


**VI.** **PROPERTY TO BE SURRENDERED:**

The following are creditors to whom the Debtor surrenders the property securing the claim in accordance with 11 U.S.C. 1325(a)(5)(C). **No further payments are to be made to the creditor on the secured claim.**

**VII.** **PRIORITY DEBTS:** Priority debts shall be paid in full in accordance with 11 U.S.C. 1322(a)(2), **unless otherwise indicated in this plan.**


**VIII.** **UNSECURED DEBTS:**


**CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IS INDICATED BELOW:**

( )   Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That Percentage is   % .

(XX)  Unsecured creditors shall receive a pro rata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured, priority, child support and special non-priority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

**IX.** **SPECIAL NONPRIORITY UNSECURED DEBTS:**

The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid in full (100%) unless a different treatment is indicated.

**\*If space is left blank, no interest is to be paid.**

3

## X. DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:

The only debts which may be paid directly are:
1) the home mortgage, if current;
2) lease payments, if current;
3) child support payments per court order;
4) debts which are actually being paid by someone other than the debtor from property that is not property of the estate.

### CREDITOR DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION

1) Seterus                                              Mortgage; current

## XI. EXECUTORY CONTRACTS :

The debtor () assumes or (XX) rejects the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

### CREDITOR CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY

1) Performance Settlement                    Debtors reject contract.

## XII. SALE OF ASSETS:

The debtor proposes to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

## XIII. OTHER PROVISIONS:

Other provisions of the plan which are not inconsistent with Title 11 of the U.S.C., pursuant to 11 U.S.C. 1322(b)(11), are as follows:


The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

**In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.**

In order to assist the debtor in performance of the plan, the Trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.


/s/ Curry Branham                                       **/s/ James C. Hunt for**
Debtor                                                  **BEN D. PERRY, BAR #2012-248**

/s/ Kimberly Branham
Debtor

4